IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ODDO DEVELOPMENT COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 08-2616-JWL |
| | ) |
| CITY OF LEAWOOD, KANSAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff Oddo Development Company, Inc. ("Oddo") brought this case in the

District Court of Johnson County, Kansas.  Oddo alleges that defendant City of

Leawood, Kansas ("the City") violated federal and Kansas state law and effected a

taking when the City enacted an ordinance that rezoned and included a development plan

for property owned by Oddo.  The City removed the case to this court.  The matter

presently comes before the court on Oddo's motion to remand the case to state court

(Doc. # 6) and the City's motion to dismiss various claims as unripe (Doc. # 9).  For the

reasons set forth below, both motions are **granted in part and denied in part**.  There

is no basis for remand of the entire action.  The court agrees that it lacks subject matter

jurisdiction over Oddo's federal claims because those claims are not ripe; accordingly,

the federal claims are dismissed without prejudice.  The court declines to exercise

supplemental jurisdiction over the remaining state law claims, and it therefore remands

those claims to state court without addressing the City's ripeness arguments as applied to those claims.

## I. <u>Oddo's Claims</u>

In its state court petition, Oddo alleges as follows: Oddo owns real property in the City of Leawood in Johnson County, Kansas. In April 2007, the Leawood City Council denied approval of a development plan submitted by Oddo for the property. Oddo then filed a lawsuit in the District Court of Johnson County, Kansas, in which Oddo challenged the City's denial under Kansas law. (That suit apparently remains pending.) In July 2008, without Oddo's consent, the City submitted a development plan for Oddo's property that including a rezoning of the property. In October 2008, the City Council passed an ordinance approving the City's plan and effecting the rezoning.

On November 24, 2008, Oddo filed a second lawsuit in the District Court of Johnson County, Kansas (the present suit), relating to the City's plan for and rezoning of the property. Oddo's petition contains seven counts, as follows: In Counts I through III, Oddo asserts procedural due process, substantive due process, and equal protection claims, respectively, under both the federal and Kansas Constitutions. In Count IV, Oddo asserts a claim under 42 U.S.C. § 1983, based on the violations of the United States Constitution alleged in the preceding three counts. In Count V, Oddo challenges the City's ordinance as unreasonable under state law, pursuant to K.S.A. § 12-760. In Count VI, Oddo alleges a taking and asserts an inverse condemnation claim under

Kansas law, and also alleges violations of the substantive due process and equal protection provisions of the Kansas Constitution.  In Count VII, Oddo asserts a takings claim under the United States Constitution, by way of a claim under 42 U.S.C. § 1983. Oddo seeks damages on all counts, and it also requests declaratory relief with respect to Counts V through VII.

On December 9, 2008, the City removed the case to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331.  Oddo now seeks to remand the case back to state court, while the City seeks dismissal of all federal claims and Oddo's claims under the Kansas Constitution.[1]

## II.    **Motion for Remand**

There is no doubt, and Oddo does not dispute, that the present suit includes claims under federal law, which confers subject matter jurisdiction on this court under 28 U.S.C. § 1331.  Nevertheless, Oddo argues that the court should remand the entire case to state court in light of the prior case already pending there and the questions of state law that arise in this case.

Oddo asserts that the court should remand the case pursuant to either of the abstention doctrines discussed by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Burford v. Sun*

---

[1]The court denied Oddo's request to delay briefing on the motion to dismiss until after resolution of the remand motion.  *See* Order of Feb. 25, 2009 (Doc. # 18).

*Oil Company*, 319 U.S. 315 (1943).  The Supreme Court has made clear, however, that under its abstention doctrines, a court may dismiss or remand a case only if the relief sought is merely equitable or discretionary with the court; in damages actions, on the other hand, the court may only abstain by entering a stay of proceedings.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715-23 (1996).  The present case falls into the latter category, as Oddo seeks mandatory relief in the form of money damages (particularly with respect to its takings claims).  Accordingly, neither of the abstention doctrines cited by Oddo provides a basis for remand of this case.[2]

As a separate basis for remand, Oddo argues that its state-law inverse condemnation and statutory claims (Counts V and VI) can only be pursued in state court. The court rejects this argument for remand.  First, the court does not agree that Kansas state courts have exclusive jurisdiction over such claims.  Although K.S.A. § 12-760 provides that an aggrieved party "may maintain an action in the district court of the county," it does not purport to forbid the prosecution of such a claim in federal court. *See id.*

Oddo relies most heavily on the following description by the Tenth Circuit of an Eleventh Circuit case: "Thus, the [Eleventh Circuit] stated the litigants must either raise both their state [inverse condemnation] and federal claims in the state court or reserve

---

[2]Oddo has not asked this court to abstain by staying the case pending resolution of any other proceedings.  Therefore, the court need not analyze whether Oddo can satisfy the requirements for abstention in this case.

their federal constitutional claims on the state record." *See Wilkinson v. Pitkin County Bd. of County Comm'rs*, 142 F.3d 1319, 1324 (10th Cir. 1998) (citing *Fields v. Sarasota Manatee Airport Auth.*, 953 F.2d 1299, 1309 n.10 (11th Cir. 1992)).  The court does not believe that the Tenth Circuit, in describing another court's opinion involving claims under Florida law, intended to make any pronouncements about whether state courts have exclusive jurisdiction over inverse condemnation or statutory reasonableness claims.

The court is also unpersuaded by Oddo's citation to the Supreme Court's opinions in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) and *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 545 U.S. 323 (2005).  In those cases the Supreme Court merely noted that federal takings claims can only ripen by the use of the particular state's procedures for obtaining a final decision and seeking just compensation; it did not hold that all states' procedures necessarily require litigation in state courts. *See Williamson*, 473 U.S. at 196-97; *San Remo*, 545 U.S. at 346-47.

Finally, Oddo's argument for exclusive jurisdiction in the state courts is further undermined by *SK Finance SA v. La Plata County, Board of County Commissioners*, 126 F.3d 1272 (10th Cir. 1997), in which the Tenth Circuit held that an inverse condemnation claim under state law (in that case, Colorado law) could be heard in federal court. *See id.* at 1276.

Moreover, even if Kansas did purport to retain exclusive jurisdiction over Oddo's

5

statutory and inverse condemnation claims under Kansas law in its own state courts, such attempt could not overcome the court's proper exercise of supplemental jurisdiction under 28 U.S.C. § 1367.  Section 1367 applies to removed cases.  *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).  That statute provides that a district court "shall have supplemental jurisdiction" over state law claims related to the claims within the court's original federal jurisdiction.  *See* 28 U.S.C. § 1367.  Federal appellate courts have held that a state's attempt to provide for exclusive jurisdiction in its own courts cannot limit the federal courts' supplemental jurisdiction over state law claims.  *See Davet v. City of Cleveland*, 456 F.3d 549, 554 (6th Cir. 2006); *Hindes v. FDIC*, 137 F.3d 148, 168 n.15 (3d Cir. 1998); *Thompkins v. Stuttgart Sch. Dist. No. 22*, 787 F.2d 439, 441-42 (8th Cir. 1986).  Therefore, this court may exercise supplemental jurisdiction over all of Oddo's state law claims.

Finally, even if this court could not exercise jurisdiction over two of Oddo's claims, Oddo has not provided any authority supporting remand of the entire case.  At most, in such circumstance, the court might consider declining to exercise jurisdiction over those two claims, pursuant to 28 U.S.C. § 1367(c).  In fact, Oddo also cites that subsection in support of its motion.  As set forth below, the court will grant Oddo's request—it will decline to exercise supplemental jurisdiction in this case and send the case back to state court—but only after dismissing Oddo's federal claims as unripe.  *See infra* Parts III, IV.  There is no basis, however, for remand of the entire case, including the federal claims, to state court, and the court therefore denies Oddo's motion to that

6

extent.[3]

### III.    Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1), the City moves to dismiss Oddo's federal claims and the claims under the Kansas Constitution for lack of subject matter jurisdiction, on the basis that those claims are not ripe.  *See Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) (Rule 12(b)(1) governs ripeness challenge, which bears on court's subject matter jurisdiction).  Oddo, as plaintiff, bears the burden of establishing that its claims are ripe.  *See Signature Props. Int'l Ltd. Partnership v. City of Edmond*, 310 F.3d 1258, 1265 (10th Cir. 2002).

In *Williamson*, the Supreme Court set forth the two requirements for ripeness that must be met in this context.  In that case, the Supreme Court held that a federal takings claim under the Just Compensation Clause of the Fifth Amendment was not ripe because the landowner had not yet obtained a final decision from the local government regarding the regulation of the property, and because the landowner had failed to utilize the state's inverse condemnation procedure for obtaining just compensation for the taking.  *See Williamson*, 473 U.S. at 186; *see also Bateman*, 89 F.3d at 706-09 (applying these two ripeness requirements from *Williamson*).

---

[3]In this way, the court grants Oddo's request, made in support of its motion to delay briefing on the motion to dismiss, that its remand motion be considered before the court addresses the City's motion to dismiss.

Oddo has included its inverse condemnation claim under Kansas law in the present lawsuit; thus, Oddo has not yet completed the state's inverse condemnation procedure, as required under *Williamson*. Therefore, Oddo's federal takings claim, contained in Count VII of the petition, is not ripe and is subject to dismissal.[4]

Oddo does not really dispute that its federal takings claim is not ripe. Oddo argues, however, that its other federal claims—alleging violations of substantive due process, procedural due process, and equal protection, and a claim under 42 U.S.C. § 1983—are not subject to *Williamson*'s requirement of a prior inverse condemnation claim.

The Tenth Circuit has repeatedly held that the ripeness requirements of *Williamson* apply to any such federal constitutional claims "that rest upon the same facts as a concomitant takings claim." *See Bateman*, 89 F.3d at 709 (collecting cases). The Tenth Circuit has concluded that such claims are subsumed in the more particularized protections of the Fifth Amendment's takings clause. *See id.* As the *Bateman* court noted, "[a] contrary holding would render the Supreme Court's decision in *Williamson* nugatory, as it would enable a resourceful litigant to circumvent the ripeness requirements simply by alleging a more generalized due process or equal protection violation." *Id.*

---

[4]The City does not dispute that Oddo has satisfied the first, "final action" ripeness requirement, but instead relies solely on the second requirement; accordingly, the court does not consider the first ripeness requirement here.

In seeking to avoid *Williamson*'s ripeness requirements in this case, Oddo attempts to distinguish the facts alleged in support its federal takings claim (Count VII) from those alleged in support its other federal claims (Counts I through IV). Specifically, Oddo argues that its takings and statutory claims are based on the City's rezoning of the property, while the claims in Counts I through IV are based on the City's submission of its own development plan for the property without Oddo's consent. Thus, Oddo argues that its federal constitutional claims do not "rest upon the same facts as a concomitant takings claim." Oddo cites to one case in which the Tenth Circuit refused to dismiss as unripe a procedural due process claim that was separate and distinct from the owner's takings claim. *See Landmark Land Co. of Okla., Inc. v. Buchanan*, 874 F.2d 717, 723 (10th Cir. 1989), *abrogated on other grounds*, *Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190 (10th Cir. 1999).

Following its *Landmark* decision, however, the Tenth Circuit has made a point to distinguish that case from "the situation where the property interest in which a plaintiff asserts a right to procedural due process is coextensive with the asserted takings claim." *See Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm'rs of El Paso County*, 972 F.2d 309, 311 (10th Cir. 1992) (citing *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 309 (10th Cir. 1992) and *Miller v. Campbell County*, 945 F.2d 348, 352-53 (10th Cir. 1991)). Thus, the Tenth Circuit has looked to the particular deprivations alleged in the various claims: "When a plaintiff alleges that he was denied a property interest without due process, and the loss of that property interest is the same

9

loss upon which the plaintiff's takings claim is based, we have required the plaintiff to utilize the remedies applicable to the takings claim." *Id.* In *Rocky Mountain*, the plaintiff alleged the same property right deprivation for both its procedural due process claim and its takings claim; the court thus held that the due process claim was not ripe based on the plaintiff's failure to make use of the state's inverse condemnation procedures. *See id.*

The court concludes that Oddo's federal constitutional claims are coextensive with its taking claims and that all of the federal claims are therefore subject to *Williamson*'s ripeness requirements. Oddo has attempted to distinguish between the City's acts in submitting a plan for the property and the City's rezoning of the property. As the City points out, however, the plan approval and the rezoning were accomplished by the City as a single act, within the same City ordinance. Plaintiff has conceded throughout its briefing that the City's plan required the rezoning that accompanied it and that the rezoning (and alleged taking) resulted directly from the City's plan. Thus, Oddo suffered a single deprivation of its property rights as an owner. Moreover, Oddo's petition confirms that the federal constitutional claims rest on the same facts that support Oddo's takings claims. Specifically, in its state-law and federal takings claims, Oddo alleges that the City's plan and the enactment of the ordinance constituted a taking; while each of the federal constitutional claims also references the adoption of the City's ordinance as the factual basis for the claim.

Because Oddo's federal constitutional claims rest on the same facts as a

concomitant takings claim, they are also subject to the same ripeness requirements. Oddo has not already completed the litigation of its inverse condemnation claim under Kansas law; accordingly, the federal constitutional claims are not ripe. *See Bateman*, 89 F.3d at 709; *Rocky Mountain*, 972 F.2d at 311; *J.B. Ranch*, 958 F.2d at 309-10; *Miller*, 945 F.2d at 352-53. The court dismisses without prejudice all of Oddo's claims arising under federal law as unripe. *See Bateman*, 89 F.3d at 706 (affirming dismissal without prejudice).

## IV.   Supplemental Jurisdiction over Remaining State Law Claims

The City also moves to dismiss Oddo's claims arising under the Kansas Constitution on ripeness grounds. With the dismissal of Oddo's federal claims, however, only state-law claims remain in the case, and the court in its discretion declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (court may decline supplemental jurisdiction upon dismissal of all claims over which it had original jurisdiction); *see also Marion County Landfill, Inc. v. Board of County Comm'rs of Marion County, Kan.*, 211 F.R.D. 634, 639-40 (D. Kan. 2002) (declining supplemental jurisdiction over remaining state law claims after dismissal of federal claims on ripeness grounds); *Rau v. City of Garden Plain*, 76 F. Supp. 2d 1173, 1175-78 (D. Kan. 1999) (same). Accordingly, the court does not address the merits of the City's motion to dismiss the state constitutional claims, and the City's motion is denied in part to that extent. *See Marion County Landfill*, 211 F.R.D. at 640 (declining to address

arguments for dismissal of state law claims).

Because the court now lacks subject matter jurisdiction over this matter, the case (containing only the state-law claims) is remanded back to the District Court for Johnson County, Kansas. *See* 28 U.S.C. § 1447(c). Oddo's motion for remand (which was based in part on subsection 1367(c)) is therefore granted to that extent.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for remand (Doc. # 6) is **granted in part and denied in part**. The motion is denied to the extent that plaintiff seeks remand of the entire case, including its federal claims, to state court. The motion is granted with respect to the state law claims that remain after dismissal of plaintiff's federal claims, as the court declines to exercise supplemental jurisdiction over such claims, and plaintiff's remaining state law claims are hereby remanded to state court.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion to dismiss various claims as unripe (Doc. # 9) is **granted in part and denied in part**. The motion is granted with respect to Count IV, Count VII, and all claims by plaintiff under federal law alleged in Counts I, II, and III of plaintiff's petition, and those claims are dismissed without prejudice. The motion is denied with respect to the claims by plaintiff under the Kansas Constitution alleged in Counts I, II, III, and VI of plaintiff's petition; because the court declines to exercise supplemental jurisdiction over those claims, it does

12

not address defendant's argument for dismissal of those claims on its merits.


      IT IS SO ORDERED.


      Dated this 9th day of April, 2009, in Kansas City, Kansas.


                  s/ John W. Lungstrum
                  John W. Lungstrum
                  United States District Judge